UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LINDA DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CAUSE NO: 1:19-cv-02126 |
| ANDREW J. BROWN CHARTER SCHOOL, INC., | ) ) ) ) |
| Defendant. | ) ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Ms. Linda Davis, hereinafter Ms. Davis, by counsel, pursuant to Rule 3, Fed. R. Civ. P., and files her Complaint against the Defendants, Andrew J. Brown Charter School, Inc., hereinafter Defendant, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., and Retaliatory Discharge for exercising a statutorily conferred right pursuant to *Frampton v. Central Indiana Gas Co.,* 260 Ind. 249, 297 N.E.2d 425 (1973).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Ms. Davis, is a female citizen of the United States, and is a qualified employee with disability as defined in 42 U.S.C. 12102 (ADA).

5. Defendant is a qualified employer as the term is defined in 42 U.S.C. 12102 (ADA).

6. Defendant is a domestic non-profit corporation registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

1. On or about July 9, 2018, Ms. Davis filed timely charges of Disability Discrimination in violation the ADA, and Retaliation for asserting her rights under Indiana's Worker's Compensation laws against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2018-03431.

2. On or about February 28, 2019, Ms. Davis received a Notice of Right to Sue from the EEOC for Charge Number 470-2018-03431, entitling her to commence action within ninety (90) days of her receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

3. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

4. The Defendant hired Ms. Davis on or about March 16, 2014. .

5. Throughout her employment with Defendant, Ms. Davis met or exceeded Defendant's legitimate expectations of performance.

6. Ms. Davis worked with students whose first language was not English and she helped them learn English.

7. On or about January 11, 2017, Ms. Davis was injured at work.

8. In May 2017, Ms. Davis underwent spinal surgery due to her injury.

9. Ms. Davis had restrictions following her work injury and surgery.

10. The Defendant moved Ms. Davis from her classroom where she taught children English to a room with students who were aggressive and/or had discipline problems.

11. The new classroom that Defendant moved Ms. Davis into was more physically demanding than the classroom she had previously been in teaching English.

12. In September 2017, Ms. Davis was injured by an aggressive student.

13. Ms. Davis went to her doctor and he placed her off of work for a week.

14. Upon Ms. Davis' return the Defendant placed her in another new room to which she had never been assigned to before.

15. Ms. Davis had no training for this new classroom and age group.

16. The new classroom involved math and other skills that Ms. Davis had never had to teach before.

17. The Defendant started critiquing Ms. Davis' work and abilities to teach math and other 5th grade courses.

18. The Defendant placed Ms. Davis on a performance improvement plan.

19. In December 2017, Ms. Davis was told she was being placed on a teacher's improvement plan and that if she did not meet the expectations of this plan she would be terminated.

20. Ms. Davis asked why she was being placed on this teachers improvement plan instead of being moved back to the classroom she had always taught in but the Defendant met her question by advising Ms. Davis to resign.

21. The Defendant terminated Ms. Davis in December 2017.

22. The Defendant intentionally moved Ms. Davis to a more physically demanding classroom in retaliation for her seeking worker's compensation benefits.

23. The Defendant then moved Ms. Davis to a classroom teaching math and other skills that she had no training to teach or assist with teaching in.

24. Ms. Davis' experience was teaching English as a second language.

25. Ms. Davis could have remained in her usual classroom but the Defendant retaliated against her by moving her to classrooms where she could not be successful.

26. The Defendant failed to accommodate Ms. Davis' restrictions by placing her in a more physically demanding classroom immediately following her surgery.

27. The Defendant's failure to accommodate Ms. Davis' disability lead to additional injury and time off.

28. The Defendant intentionally discriminated against Ms. Davis due to her disability.

29. The Defendant terminated Ms. Davis due to her disability.

30. The Defendant terminated Ms. Davis in retaliation for her seeking worker's compensation benefits.

31. The Defendant intentionally failed to accommodate Ms. Davis' disability.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Ms. Davis, for her first claim for relief against Defendant, states as follows:

32. Ms. Davis hereby incorporates by reference paragraphs 1 through 31 as though previously set out herein.

33. At all times relevant to this action, Ms. Davis was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

34. The conduct as described hereinabove constitutes discrimination on the basis of Ms. Davis' disability.

35. The Defendant willfully and intentionally failed to accommodate Ms. Davis' disability.

36. Defendant intentionally and willfully discriminated against Ms. Davis because she is disabled and/or because Ms. Davis has a record of being disabled and/or because Defendant regarded Ms. Davis as disabled. Similarly situated non-disabled employees were treated more favorable in the terms of privileges, and conditions of their employment.

37. Defendant's actions were intentional, willful and in reckless disregard of Ms. Davis' rights as protected by the ADA.

38. Ms. Davis has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **COUNT II**

## **RETALIATION FOR SEEKING WORKER'S COMPENSATION BENEFITS**

39. Ms. Davis hereby incorporates by reference paragraphs 1 through 38 as though previously set out herein.

40. Ms. Davis sustained a work related injury during her employment with Defendant.

41. The conduct as described hereinabove constitutes retaliation on the basis of Ms. Davis lawfully seeking statutory worker's compensation benefits in violation of the law set forth in *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 297 N.E.2d 425 (1973).

42. Defendant intentionally and willfully terminated Ms. Davis' employment to avoid providing Ms. Davis with full worker's compensation benefits.

43. Defendant intentionally and willfully refused to accommodate Ms. Davis' disability caused by her work injury and failed to allow her to return to her employment in retaliation for her seeking her lawful rights under Indiana's Worker's Compensation laws. Similarly situated individuals who were not seeking worker's compensation benefits were treated more favorably in the terms, privileges and conditions of their employment.

44. Defendant's actions were intentional, willful and in reckless disregard of Ms. Davis' rights under Indiana Law.

45. Ms. Davis has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Ms. Davis, respectfully requests that this Court enter judgment in her favor and:

a. Order Defendant to pay Ms. Davis her lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

b. Reinstatement to the position, salary and seniority level to which she would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

c. Pay compensatory damages;

d. Pay punitive damages;

e. Pay liquidated damages

f. Pay for lost future wages

g. Pay to Ms. Davis all costs and attorney's fees incurred as a result of bringing this action;

h. Payment of all pre- and post judgment interest;

i. Provide to Ms. Davis all other legal and/or equitable relief this Court sees fit to grant.

                        Respectfully submitted:

                        /s/ Heather R. Falks
                        Heather R. Falks 29907-41
                        STEWART & STEWART Attorneys
                        931 S. Rangeline Rd.
                        Carmel IN 46032
                        (317) 846-8999
                        Fax: (317) 843-1991
                        heatherf@getstewart.com
                        Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Ms. Davis, by counsel, respectfully requests a jury trial for all issues deemed so triable.

> Respectfully submitted:
>
> /s/ Heather R. Falks
> Heather R. Falks 29907-41
> STEWART & STEWART Attorneys
> 931 S. Rangeline Rd.
> Carmel IN 46032
> (317) 846-8999
> Fax: (317) 843-1991
> heatherf@getstewart.com
> Attorney for Plaintiff